**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF WEST VIRGINIA**

> ELECTRONICALLY
> FILED
> Mar 11 2026
> U.S. DISTRICT COURT
> Northern District of WV

**HALEN HENSIL,**

**Plaintiff,**

v.

Case No.: __1:26-cv-25__

**FIRSTENERGY SERVICE COMPANY**
**and INNOSOURCE, LLC,**

**Defendants.**

### NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant InnoSource, LLC ("Defendant" or "InnoSource"), hereby removes this action from the Circuit Court of Marion County, West Virginia to the United States District Court for the Northern District of West Virginia pursuant to 28 U.S.C. Sections 1223(a), 1441 and 1446. As grounds for this removal, Defendant states as follows:

### I.    Background

1.      On December 10, 2025, Plaintiff Halen Hensil ("Plaintiff") filed a civil action in the Circuit Court of Marion County, West Virginia, captioned *Halen Hensil v. First Energy Service Company and InnoSource, LLC*, Case No. CC-24-2025-C-234 (the "State Court Action"). The Complaint is attached hereto as **Exhibit A** (the "Complaint" or "Compl.").

2.      In the Complaint, Plaintiff alleges that he applied for and accepted employment through InnoSource, LLC to work at FirstEnergy Service Company's Fairmont, West Virginia location. Compl. ¶ 4.

3.      The Complaint asserts four causes of action against Defendants for (1) Gender Discrimination in violation of the West Virginia Human Rights Act (W. Va. Code § 16B-17-9), (2)

Failure to Accommodate Under the West Virginia Pregnant Worker's Fairness Act (W. Va. Code §

16B-19-1), (3) Disability Discrimination Under the West Virginia Human Rights Act (W. Va. Code

§ 16B-17-9), and (4) Failure to Accommodate Under the West Virginia Human Rights Act (W. Va.

Code § 5-11-9).

4. Plaintiff seeks, among other things, compensatory damages, punitive damages, and

attorney's fees and costs. *See* Compl. at Prayer for Relief and ¶¶ 46-50.

5. Pursuant to 28 U.S.C. § 1446(a), a copy of all other process, pleadings, and orders

in the State Court Action, including the Summons and Service of Process Notification, are attached

hereto as **Exhibit B;** *see also* **Exhibit C** (Certified State Court Docket Sheet).

6. Defendant was served by Service of Process on the Secretary of State on February

9, 2026. *See* **Exhibit B**.

## II.    Grounds for Removal

7. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which

the district courts of the United States have original jurisdiction, may be removed by the defendant

or the defendants, to the district court of the United States for the district and division embracing

the place where such action is pending."

8. This Court has jurisdiction over this action under 28 U.S.C. § 1332 pursuant to the

Court's diversity jurisdiction. This action is one which may be removed by this Court by Defendant

pursuant to the provisions of 28 U.S.C. § 1441, as the action is between citizens of different states

and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

**COMPLETE DIVERSITY EXISTS AS TO ALL PARTIES**

9.      As alleged in the Complaint, Plaintiff resides in Shinnston, Taylor County, West Virginia. Plaintiff is physically present in the State of West Virginia and has the intention to remain there. Thus, Plaintiff is domiciled in the State of West Virginia. *See* Compl. ¶ 1.

10.     InnoSource is a limited liability company organized under the laws of the State of Ohio, with its principal place of business located at 5600 Blazer Parkway, Suite 200, Dublin, Ohio. Compl. ¶ 3; *see also* **Exhibit D**, Dec. of Rebecca Heslep, ¶ 5. The citizenship of a limited liability company is determined by the citizenship of all of its members. *Cent. W. Va. Energy Co. v. Mt. State Carbon, Ltd. Liab. Co.*, 636 F.3d 101, 103 (4th Cir. 2011). InnoSource has four members, none of which are incorporated or has a principal pace of business in West Virginia. **Exhibit D**, Dec. of Rebecca Heslep, ¶ 6. InnoSource is thus a citizen of the State of Ohio. 28 U.S.C. § 1332(c)(1). Accordingly, Plaintiff and InnoSource are diverse.

11.     As of the filing of this Notice, Defendant FirstEnergy has not been served with the Complaint.

12.     As alleged in the Complaint, Defendant FirstEnergy Service Company ("First Energy") is a foreign corporation organized under the laws of the State of Ohio. FirstEnergy's principal place of business is located in Akron, Ohio. FirstEnergy is thus a citizen of the State of Ohio. 28 U.S.C. § 1332(c)(1). Accordingly, Plaintiff and FirstEnergy are diverse.[1] *See* Compl. ¶ 2.

13.      Accordingly, complete diversity of citizenship exists between Plaintiff and Defendants.

---

[1] FirstEnergy Service Company consents to this Removal although consent is not required at this time because FirstEnergy Service Company has yet to be served. *Bloom v. The Library Corp., et al.,* 112 F.Supp.3d 498 (N.D.W.Va. 2015) (holding unambiguous statutory language requires that a party must be properly joined and served as a defendant to challenge removal).

**THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00**

14.    A determination of federal subject matter jurisdiction in a diversity case is made as of the time of removal. *Martinez v. Duke Energy Corp.*, 130 F. App'x 629, 634 (4th Cir. 2005). A district court has jurisdiction if the amount in controversy is "more likely than not" in excess of the requisite $75,000.00. *Jones v. Wells Fargo Co.*, 671 F. App'x 153, 154 (4th Cir. 2016); *Heller v. TriEnergy, Inc.*, 877 F. Supp. 2d 414, 427 (N.D.W. Va. 2012)("In order to meet the preponderance of the evidence standard and to establish jurisdiction upon removal, a defendant must show that it is more likely than not that the amount in controversy exceeds the jurisdictional amount.")

15.    When, like here, a plaintiff "does not state the amount in controversy, the defendant's notice of removal may do so" and "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84, 89 (2014). That allegation, if made "in good faith . . . should be accepted when not contested by the plaintiff or questioned by the court." *Id.* at 87.

16.    Plaintiff's Complaint fails to state an amount he seeks in damages. But the nature of his claims and allegations demonstrate that Plaintiff seeks relief in an amount exceeding $75,000. *See Dart*, 574 U.S. at 84, 89. Plaintiff seeks damages for back pay, front pay, lost benefits, emotional distress, mental anguish, and punitive damages, and attorneys' fees and costs. *See* Compl. ¶¶ 47-49.

17.    At the time of his separation in April 2024, Plaintiff earned $18 per hour and regularly worked on average 40 hours per week. *See* **Exhibit D**, Dec. of Rebecca Heslep, ¶ 4; *see also* Compl. ¶¶ 4, 6, 16. Plaintiff alleges that, as a result of Defendants' conduct, he has suffered and continues to suffer back pay, front pay, and lost benefits, in addition to emotional distress, mental anguish, inconvenience, humiliation, and reputational harm. *See* Compl. ¶ 47. Based on

Plaintiff's allegations regarding lost wages alone, the amount in controversy is approximately $72,000[2] even before considering Plaintiff's claims for lost benefits, front pay, emotional distress, punitive damages, attorney's fees, and other relief.

18.    Plaintiff seeks emotional distress damages. *See* Compl. ¶ 47. The WVHRA permits such awards, and this Court has held that "any damages necessary to remedy the emotional distress allegedly suffered" by a plaintiff "will certainly raise the amount in controversy." *Allman v. Chancellor Health Partners, Inc.*, No. CIV A 5:08CV155, 2009 WL 514086, at *2 (N.D.W. Va. Mar. 2, 2009). Thus, an emotional damages award would increase the amount in controversy here.

19.    Plaintiff also seeks an award of attorney's fees. Courts permit attorney's fees to be considered when a statute mandates or allows payment of attorney's fees. *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 368 (4th Cir. 2013). In actions brought under the West Virginia Human Rights Act, the court in its discretion may award all or a portion of the costs of litigation, including reasonable attorney fees. W. Va. Code § 16B-17-13; *Bond v. Zale Delaware, Inc.,* No. 1:16CV43, 2016 WL 2889034, at *5 (N.D.W. Va. May 17, 2016). It has become virtually routine for courts to use between 20% and 33% as the benchmark for a percentage of fee award. *Kay Co. v. Equitable Prod. Co.*, 749 F. Supp. 2d 455, 466 (S.D. W. Va. 2010). Alternatively, courts may apply the lodestar method to calculate a reasonable attorney fee award.[3] *Grissom v. Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008). Using the percentage of fee method and based on Plaintiff's potential back pay damages alone, attorneys' fees could range $14,400 to $23,760, which takes the amount in controversy above $75,000.

---

[2] At the time of his termination, Plaintiff's hourly rate was $18.00. Plaintiff typically worked an average of 40 hours per week. Based on these figures, if Plaintiff's wages are calculated for a period of 99 weeks and 5 days, his total earnings would have amounted to approximately $72,000. This figure does not account for any potential overtime compensation.
[3] The lodestar amount is the reasonable hourly rate multiplied by the hours reasonably expended. *Grissom* at *id.*

20. Plaintiff also seeks an award of punitive damages. *See* Compl. ¶¶ 47-49. "A request for punitive damages, where properly recoverable, inevitably inflates a plaintiff's potential recovery." *Cerra v. USAA Cas. Ins. Co.*, No. 5:21-CV-43, 2021 WL 11723143, at *4 (N.D.W. Va. July 8, 2021) (quoting *Bryant v. Wal-Mart Stores E., Inc.*, 117 F. Supp.2d 55, 556 (S.D.W. Va. Oct. 20, 2000)). Thus, a punitive damages award would increase the amount in controversy in this case.

21. The Fourth Circuit has specifically upheld a punitive damages ratio of 3.6-to-1. *United States ex rel. Drakeford v. Tuomey*, 792 F.3d 364, 389 (4th Cir. 2015). As such, the value of any punitive damages could be significant, as Fourth Circuit precedent allows for a potential multiplier of 3.6 times the $72,000 in compensatory damages relating to Plaintiff's claims.

22. Accordingly, Plaintiff's Complaint exceeds the threshold of $75,000, exclusive of interests and costs.

### III. **Removal is Timely**

23. Service may be effectuated upon a domestic private corporation by delivering or mailing in accordance with Rule 4(c)(2) a copy of the summons and complaint to any agent or attorney-in-fact authorized by appointment or by statute to receive or accept service of process on its behalf. W. Va. R.C.P., Rule 4.

24. Plaintiff effected service on Defendant by the Secretary of State on February 9, 2026. *See* **Exhibit B**. Accordingly, service was effective February 9, 2026.

25. Pursuant to 28 U.S.C. § 1446(b), Defendant filed this removal within 30 days of the effective service date of February 9, 2026.

### IV. **Venue**

26. Venue is proper in this district and in this division pursuant to 28 U.S.C. § 1441(a) because the United States District Court for the Northern District of West Virginia, is the federal

judicial district encompassing the Circuit Court of Marion County, West Virginia, where Plaintiff originally filed this action.

## V.      Notice to Plaintiff and the State Court

27.      As required by 28 U.S.C. § 1446(d), Defendant is filing in the Circuit Court of Marion County, West Virginia and serving upon Plaintiff and his counsel of record a Notice to State Court and Adverse Party of Removal of Civil Action to Federal Court (with these removal papers attached). A copy of that Notice without its attachments is attached as **Exhibit E**.

28.      As required by 28 U.S.C. § 1446(a), this Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

## VI.      Non-Waiver of Defenses

29.      By removing this action, Defendant does not admit any of the allegations contained in the Complaint. Nor does Defendant waive any rights or defenses available to it in this action, including, but not limited to, the right to move to dismiss this action pursuant to Rule 12 of the Federal Rules of Civil Procedure, compel arbitration, or stay this action. Defendant also reserves the right to amend or supplement this Notice of Removal.

## VII.      Conclusion

30.      Because the parties are diverse and because the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, this action is properly removed to the United States District Court for the Northern District of West Virginia on diversity grounds, in accordance with 28 U.S.C. §§ 1332, 1441, and 1446.

WHEREFORE, Defendant respectfully requests that this matter be removed to the United States District Court for the Northern District of West Virginia.

Respectfully submitted,

**INNOSOURCE, LLC,**

**By Counsel,**

/s/ Eric E. Kinder
Eric E. Kinder (WV SB # 8817)
Spilman Thomas & Battle, PLLC
300 Kanawha Boulevard, East
Charleston, WV  25301
Telephone:  304-340-3800
Facsimile:304-340-3801
ekinder@spilmanlaw.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF WEST VIRGINIA**

HALEN HENSIL,

      **Plaintiff,**

v.                                      **Case No.:** _____

FIRSTENERGY SERVICE COMPANY
and INNOSOURCE, LLC,

      **Defendants.**

## CERTIFICATE OF SERVICE

I, Eric E. Kinder, counsel for InnoSource, LLC, hereby certify that on March 11, 2026, the foregoing "**Notice of Removal**" was filed with the Clerk of the Court using the CM/ECF system, and was served upon all counsel of record by depositing a true copy therefore in the United States First Class Mail, postage prepaid, addressed as follows:

> Erika Klie Kolenich, Esq.
> Brandon J. Kroll, Esq.
> Klie Law Offices, PLLC
> 21 E. Main Street, Suite 160
> Buckhannon, WV 26201
> bkroll@klielawoffices.com
> ehklie@klielawoffices.com
> *Counsel for Plaintiff Halen Hensil*

> /s/ Eric E. Kinder
> Eric E. Kinder (WV SB # 8817)